**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **ANTHONY WORKMAN,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL NO. 3-13-CV-00146-RFC** |
| | § | |
| **CAROLYN W. COLVIN,[1]** | § | |
| **Acting Commissioner of Social Security** | § | |
| **Administration,** | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION AND ORDER**

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"). For the reasons set forth below, this Court orders that the Commissioner's decision be AFFIRMED.

**PROCEDURAL HISTORY**

On February 11, 2011, Plaintiff filed an application for DIB, alleging a disability onset date of May 15, 2010. (R:116) His application was denied initially and on reconsideration. (R:60, 65) Plaintiff filed a request for a hearing, which was conducted on January 18, 2012. (R:33-55) The

---

[1]Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), she is substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of §205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Administrative Law Judge ("ALJ") issued a decision on April 17, 2012, denying benefits.  (R:12-18)

The Appeals Council ("AC") denied review.  (R:1-5)

## ISSUES

Plaintiff presents the following issue for review:

1.     Whether the ALJ's residual functional capacity ("RFC") finding is supported by substantial evidence.  (Doc. 18:2)[2]

Plaintiff also contends that the ALJ should have applied the Medical-Vocational Guidelines, 20 CFR Part 404, Subpart P, Appendix 2 ("grids")  rules applying to sedentary work at step five of the sequential evaluation, i.e., Rules 201.06 and 201.14, which would have directed a conclusion that Plaintiff is disabled.  (Doc. 18:6)  Consequently, Plaintiff seeks a reversal and remand for an award of benefits or for further administrative proceedings.  *Id.*, at 7.  Defendant contends that substantial evidence supports the ALJ's findings  and conclusions, that the proper legal standards were utilized, and that a remand for an award of benefits or further administrative proceedings is unwarranted. (Doc. 19)

## DISCUSSION

### *I. Standard of Review*

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence.  *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267,

---

[2] Although Plaintiff raised the one issue, in light of the arguments made in Plaintiff's brief, the Commissioner breaks down Plaintiff's issue into two separate issues:  (1) whether substantial evidence supports the ALJ's RFC assessment; and (2) whether substantial evidence supports the ALJ's step five finding that Plaintiff could perform other work.  (Doc. 19:2)  Since it is true that Plaintiff addressed both issues throughout his brief, the Court will address each issue separately.

272 (5th Cir. 2002); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).  Substantial evidence "is more than a mere scintilla, and less than a preponderance."  *Masterson*, 309 F.3d at 272.  The Commissioner's findings will be upheld if supported by substantial evidence.  *Id*.  A finding of no substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence.  *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision.  *Masterson*, 309 F.3d at 272.  Conflicts in the evidence are for the Commissioner and not the courts to resolve.  *Id*.; *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

## *II. Evaluation Process*

The ALJ evaluates disability claims according to a sequential five-step process:  1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a severe medically determinable physical or mental impairment; 3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; 4) whether the impairment prevents the claimant from performing past relevant work; and 5) whether the impairment prevents the claimant from doing any other work.  20 C.F.R. § 404.1520.  The claimant bears the burden of proof at the first four steps of the analysis.  *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).  Once this burden is met, the burden shifts to the Commissioner to show there is other substantial gainful employment available that the claimant is capable of performing.  *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989).  The Commissioner may meet this burden by the use of opinion testimony of vocational experts ("VE") or by the use of administrative

3

guidelines provided in the form of regulations. *Rivers v. Schweiker*, 684 F.2d 1144, 1155 (5th Cir. 1982). If the Commissioner adequately points to potential alternative employment, the burden then shifts back to the claimant to prove that he is unable to perform the alternative work. *Anderson v. Sullivan*, 887 F.2d at 632.

In the present case, at step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from his alleged disability onset date of May 15, 2010, through his date last insured of September 30, 2010. (R:14) At step two, the ALJ determined that Plaintiff had a severe impairment of hepatitis B with generalized pain, but found that his syncope was not a severe impairment under the Act. (R:14-15) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (R:15) Overall, the ALJ found that Plaintiff had the residual functional capacity to perform medium work except that he should never climb ropes and scaffolds; he should avoid concentrated exposure to moving machinery; he should avoid moderate exposure to unprotected heights; and, he should avoid driving. (R:15) At step four, the ALJ found that Plaintiff could not perform his past relevant work. (R:17) The ALJ found that Plaintiff had achieved at least a high school education and could communicate in English, and because he was 54 years old on his date last insured, classified him as an individual closely approaching advanced age. (R:17) At step five, considering Plaintiff's age, education, work experience, and RFC, and considering VE testimony, the ALJ found that Plaintiff could perform other jobs that existed in significant numbers in the national economy. (R:17) Thus, the ALJ determined that Plaintiff was not disabled for purposes of the Act, and was not entitled to receive DIB during the relevant period. (R:18) On March 4,

2013, the Appeals Council denied review.  (R:1-5)  Therefore, the ALJ's decision serves as the Commissioner's final decision for purposes of judicial review pursuant to 42 U.S.C. § 405(g).

### III. The ALJ's Determination of Plaintiff's Residual Functional Capacity

Plaintiff contends that substantial evidence does not support the ALJ's determination that he retains the capacity to perform medium work.  Specifically, he argues that his impairments prevent him from being able to perform the lifting and standing and/or walking requirements of medium work.  (Doc.18:4)  Medium work as defined in 20 C.F.R. § 404.1567(c) includes the ability to lift no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds and the ability to stand and walk 6 hours out of an 8-hour workday with intermittent sitting during the remaining time.  *See* SSR 83-10, 1983 WL 31251 at *6 (describing the exertional requirements of medium work).  Medium work typically requires frequent bending, stooping, and crouching.  *Id*.  Plaintiff argues that his own testimony, coupled with the medical evidence of record, supports his contention.  (Doc.18:4-7)  Plaintiff further argues that by using a faulty RFC finding to make a decision at step five, the Commissioner failed to meet the burden of proof at step five of the sequential evaluation.  (Doc.18:6).  Consequently, Plaintiff urges, the step five decision is not supported by substantial evidence, and remand is required.  (Doc.18:6-7)

RFC is the most an individual can still do despite his limitations.  20 C.F.R. § 404.1545; SSR 96-8p.  The responsibility to determine the Plaintiff's RFC belongs to the ALJ.  *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995).  In making this determination, the ALJ must consider all the record evidence and determine the Plaintiff's abilities despite his physical and mental limitations.  *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995).  The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms.  *See* 20 C.F.R.

§§ 404.1529, 404.1545; SSR 96-8p.  The relative weight to be given the evidence is within the ALJ's

discretion.  *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001).  The ALJ is not required to

incorporate limitations in the RFC that she did not find to be supported in the record.  *See Morris*

*v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

## ANALYSIS

In reviewing a decision that a claimant is not disabled, the court's function is to ascertain

whether the record as a whole contains substantial evidence to support the Commissioner's final

decision.  The court weighs four elements to determine whether there is substantial evidence of

disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining

physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education and

work history.  *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995).  A review of the record

evidence indicates that there is substantial evidence to support the ALJ's conclusion that Plaintiff

retained the capacity to perform medium work.

A consultative physical examination of Plaintiff was performed on March 12, 2012  by Dr.

Augustine O. Eleje.  (R:254-256)  He concluded that Plaintiff had no limitations with sitting,

standing, moving about, handling objects, carrying, hearing, and speaking.  (R:256)  Dr. Eleje

concluded that Plaintiff had some limitations with lifting, but made no specific reference to such

limitation in the body of his report of March 12, 2012.  (R:256)  In a Medical Source Statement

dated March 15, 2012, Dr. Eleje indicated that Plaintiff could lift and carry from 51 to 100 pounds

occasionally, and all lesser amounts, continuously.  (R:247)  Dr. Eleje discounted Plaintiff's

allegations of pain inasmuch as the alleged pain did not correspond to findings on examination–he

concluded that Plaintiff obviously exaggerated his symptoms.  (R:255)  Dr. Eleje concluded that

Plaintiff could hop, squat, pick up a pen, and button his clothes.  (R:256)  Dr. Eleje's objective examination findings and opinion are consistent with the ALJ's determination that Plaintiff could perform  medium work.  (R:15-16, 247, 255-256)

Six months earlier, in September 8, 2011,  Plaintiff was examined at the University Medical Center.  Examination notes indicate that Plaintiff had normal coordination, muscle strength, range of motion, and motor and sensory testing results.  (R:224)  In the same vein, R. Vela, in a Disability Report dated February 11, 2011, observed that Plaintiff had no difficulties with sitting, standing, and walking.  (R:139-140)  Because substantial evidence supports the ALJ's RFC determination in this case, the Court finds no reason to reverse the case on this ground.

The medical opinion of treating physician Dr. Luis Ruben Quiroga,  which was not supported by accompanying records or objective diagnostic tests, was given little weight by the ALJ.  (R:15) Dr. Quiroga's Medical Source Statement, which is dated January 3, 2012, is a mere checklist and is bereft of any supporting evidence.  (R:229-232)  Plaintiff's counsel, Mr. Hector Reyes, himself referred to the medical evidence as "skimpy, at best" at the hearing before the ALJ, at a time when this Medical Source Statement had already been admitted into evidence.  (R:36)  The ALJ was justified in giving the treating physician's opinion little weight in this case because the opinion was an RFC checklist and the statements therein were brief and conclusory and not supported by medically acceptable clinical laboratory diagnostic techniques or any evidence other the Plaintiff's subjective complaints.  *See  McCoy v. Schweiker*, 683 F.2d 1138, 1147 n.8 (8th Cir. 1982) (*en banc*) ("as a general rule little weight is afforded to RFC checklists").  An ALJ is not required to defer to medical opinions that are brief and conclusory, and not supported by medically acceptable clinical laboratory diagnostic techniques or that are otherwise unsupported by the evidence.  *See Leggett v.*

*Chater*, 67 F.3d 558, 566 (5th Cir. 1995). The Court finds that the ALJ's determination is supported by the record.

The Court is mindful of the fact that the ALJ failed to incorporate all of Dr. Eleje's proposed limitations into her RFC, specifically his Medical Source Statement checkmark conclusions that Plaintiff could sit for 6 hours, stand for 4 hours, and walk for 2 hours in an 8-hour workday; occasionally push and pull; and frequently reach. (R:248-249). It is within the ALJ's discretion to resolve conflicting evidence, including conflicting medical evidence. *See Jones v. Heckler*, 702 F.2d 616, 621 (5th Cir. 1983). The Court reemphasizes that Dr. Eleje expressly stated that Plaintiff had "no limitations" regarding sitting, standing, carrying, moving about and handling objects and that he could hop, squat, pick up a pen, and button his clothes. (R:256) To whatever degree the isolated evidence highlighted by Plaintiff might detract from the weight of the rest of the evidence in the record, it falls short of that required to establish a no-substantial-evidence claim. Plaintiff's evidence fails to preponderate against the ALJ's determination, much less establish a "conspicuous absence of credible choices" or "contrary medical evidence." *See Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The ALJ dutifully performed her task of resolving conflicts in the medical evidence, and substantial evidence supports her RFC determination. *See Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

As part of making her determination, the ALJ assessed Plaintiff's credibility and subjective complaints of pain and limitation. It was within her broad discretion to weigh the evidence and make credibility choices. *See Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000). The ALJ considered Plaintiff's testimony as well as the medical evidence. On the one hand, she considered a litany of complaints urged by Plaintiff. (R:40-47) On the other hand, the record evidence shows

that Plaintiff could perform the requirements of medium work.  (R:15)  Based upon her review of the entire evidence, the ALJ determined that Plaintiff's medically determinable impairments could be expected to cause some of his alleged symptoms but that his statements concerning the intensity, persistence, and limiting effects of the symptoms were not credible to the extent they were inconsistent with the ALJ's RFC assessment.  (R:16)  Such a decision was within the ALJ's discretion and is supported by the evidence.

At the fifth step, considering Plaintiff's age, education, work experience, and RFC,  as well as the VE's testimony, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  (R:17-18)  Specifically, the VE testified that an individual with Plaintiff's age, education, work experience, and RFC would be able to perform the requirements of a cleaner, dish washer, and hand packager.  (R:17-18, 52); *see* Dictionary of Occupational Titles ("DOT") Occupational Codes 323.687-010; 318.687-010; 920.587-018.  The ALJ found that pursuant to *SSR* 00-4p, the VE's testimony was consistent with the information contained in the DOT.  (R:18)  It is clear  that the hypothetical question posed to the VE incorporated reasonably all disabilities of the claimant recognized by the ALJ, and that Plaintiff and his counsel were afforded the opportunity to correct deficiencies in the ALJ's question by cross-examination; in fact, the hypothetical question posed by the ALJ to the vocational expert was not seriously challenged at all by Plaintiff at the hearing.  *See Bowling v. Shalala,* 36 F.3d 431, 435-436 (5th Cir. 1994).  The Court finds that the ALJ's fifth step determination is supported by substantial evidence

and that the ALJ properly considered the four elements in arriving at this determination.  *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995).[3]

Likewise, there is no error in the ALJ's failure to apply the sedentary grid rules.  Sedentary work involves lifting no more than 10 pounds at a time, but the ALJ found, and the record supports, that Plaintiff could perform medium work.   As the Fifth Circuit has held repeatedly, the Commissioner may rely on the grids to establish that work exists for a claimant only if the guidelines' evidentiary underpinnings coincide exactly with the evidence of disability appearing in the record.  *See, e.g.,  Lawler v. Heckler* 761 F.2d 195, 197 (5th Cir. 1985).  Where any one of the findings of fact does not coincide with the corresponding criterion of a grid rule, the rule does not apply in that particular case, and accordingly does not direct a conclusion of disabled or not disabled. Plaintiff argues that the ALJ should have applied sedentary grid rules 201.06 or 201.14 and found Plaintiff disabled.  (Doc. 18:6)  Grid rule 201.06 directs a finding of disabled for an individual of advanced age with an RFC for sedentary work.  Here, the ALJ found that Plaintiff retained the RFC for medium work, and because he was 54 years old on his date last insured, correctly classified him as an individual close approaching advanced age.  (R:15, 17)  Grid rule 201.14 directs a finding of disabled  for an individual with an RFC for sedentary work, *inter alia.*  Hence, the ALJ's findings of fact do not coincide with the corresponding criteria of either grid rule; thus, the grid rules do not direct a conclusion of disabled or not disabled.  Plaintiff is not entitled to relief on this claim.

---

[3]The ALJ concluded that a finding of "not disabled" was appropriate under the framework of Section 204.00 in the Medical-Vocation Guidelines.  (R:18)  It is apparent to the Court that the ALJ meant to refer to Section 203.00, inasmuch as her conclusions were all based on medium work.

Finally, because Plaintiff has failed to show that he is disabled as a matter of law, there is no reason to remand this case to the Commissioner for the purpose of awarding benefits. *See Ivy v. Sullivan*, 898 F.2d 1045, 1054 (5th Cir. 1990) (uncontroverted showing of disability). Neither is there a need to remand for further administrative proceedings.

**<u>CONCLUSION</u>**

Based on the foregoing, the Court hereby ORDERS that the decision of the Commissioner be AFFIRMED consistent with this opinion.

**SIGNED** and **ENTERED** on May 26, 2015.

ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE